UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CEDRIC JONES, <br> HUNTER MAHAR, and <br> JEFFREY ROBINSON, <br><br> *Plaintiffs,* <br><br> v. <br><br> BRIAN ELLER, *et al.*, <br><br> *Defendants.* | Case No. 2:24-cv-126 <br><br> Judge Atchley <br><br> Magistrate Judge Wyrick |

**MEMORANDUM AND ORDER**

Prisoners Cedric Jones, Hunter Mahar, and Jeffrey Robinson (collectively "Plaintiffs") filed a pro se complaint [Doc. 1] and supplements [Docs. 4, 9] under 42 U.S.C. § 1983 alleging violations of their constitutional rights while incarcerated at the Northeast Correctional Complex ("NECX"). Plaintiffs Jones and Robinson have filed separate motions to proceed *in forma pauperis* in this action [Docs. 5, 8], and Plaintiff Jones filed a supplement signed solely by himself but purportedly on behalf of all Plaintiffs [Doc. 7]. For the reasons set forth below, the Court will disallow permissive joinder of the Plaintiffs, dismiss Plaintiff Mahar from this action without prejudice, sever Plaintiff Robinson and direct the Clerk to open a new action for him, deny Plaintiff Jones' motion to proceed *in forma pauperis*, and dismiss this action without prejudice to Plaintiff Jones' ability to pay the filing fee and reinstate this case.

**I.     JOINDER DISALLOWED**

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise

in the action." Fed. R. Civ. P. 20(a)(1). The joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). There are, however, significant practical problems with allowing multiple-plaintiff prisoner litigation. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009). Such problems include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (citations omitted). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*. The Court finds the practical problems of multiple-plaintiff litigation cited above counsel against the permissive joinder of Plaintiffs, and Plaintiffs will not be allowed to proceed jointly in this action.

## II.     PLAINTIFF MAHAR

Under Rule 21 of the Federal Rules of Civil Procedure, this Court may sever this action to allow each Plaintiff to proceed separately. *See* Fed. R. Civ. P. 21. The Court finds it inappropriate to do so in this case as to Plaintiff Mahar, however, as he neither signed the initial complaint [Doc. 1], nor did he pay the filing fee or file a motion to proceed *in forma pauperis*. Therefore, Defendant Mahar is **DISMISSED** from this action without prejudice to his ability to initiate separate § 1983 actions if he desires to proceed with suit.

## III.     PLAINTIFF ROBINSON

Plaintiff Robinson has filed a motion for leave to proceed *in forma pauperis* [Doc. 8] and signed two of the "supplemental" complaints [Docs. 4, 9]. Therefore, the Court finds it appropriate to sever him from this action and allow him to proceed in a separate civil rights action. *See* Fed.

R. Civ. P. 21.  Accordingly, Plaintiff Robinson is **SEVERED** from this lawsuit, and the Clerk is **DIRECTED** to open a new civil action for Plaintiff Robinson using the supplemental complaints signed by him [Docs. 4, 9] and his motion for leave to proceed *in forma pauperis* [Doc. 8].  The Court will address Plaintiff Robinson's claims and his motion to proceed *in forma pauperis* in the newly opened action.

### IV. PLAINTIFF JONES

For the reasons set forth above, this civil action will proceed only as to Plaintiff Cedric Jones, who signed the initiating complaint [Doc. 1 p. 11] and filed a motion to proceed *in forma pauperis* [Doc. 5].  The resolution of Plaintiff Jones' motion to proceed *in forma pauperis* is guided by the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff Jones has had at least three cases dismissed under § 1915(g).  *See, e.g., Jones v. Blackburn*, No. 3:18-CV-237 (M.D. Tenn. Mar. 20, 2018) (citing cases).  Therefore, he cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm.  28 U.S.C. § 1915(g).

The imminent danger exception allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  It "is essentially a pleading requirement subject to the ordinary principles of notice pleading."  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).  The exception

applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be "real and proximate" at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

Plaintiff Jones maintains that he is under imminent danger of serious physical injury because (1) he has "been beaten, assaulted, and threatened by other inmates[,]" but Defendants will sometimes force inmates out of a single-man cell or threaten the inmates with disciplinary write ups if they refuse to move [Doc. 1 p. 6]; (2) his access to the courts is being infringed by Defendants, as legal assistants cannot come to the protective custody units to assist the inmates [*Id.* at 8]; and (3) he was housed in a cell without air conditioning or circulation for a three-day period in June 2024, where he suffered a migraine and distress because he "thought [he] was going to die" due to the extreme heat [Doc. 1 p. 4, 5; Doc. 4 p. 3].[1]

As to Plaintiff Jones' first allegation, he does not allege that he personally faced a threat of danger from other inmates at the time he filed this lawsuit, and this allegation is insufficient to invoke the "imminent danger" exception. And as to the second, the denial of library or legal aid

---

[1] In his supplemental complaints, Plaintiff Jones also complains about "double ceiling" inmates, the lack of hot water in some cells, "unfit" buildings, lack of sanitation, failure to protect inmates from attack, inadequate medical care, and the lack of physical exercise for inmates in segregated status [Doc. 4 p. 3; Doc. 9 p. 4]. But these claims are not supported by any facts that suggest these circumstances pose an imminent threat of serious physical injury to Plaintiff Jones. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face"). And Plaintiff Jones cannot assert the constitutional rights of other inmates. *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

4

privileges does not pose an imminent threat of serious physical injury. But Plaintiff Jones' third allegation—that he was housed in extremely hot conditions—warrants more discussion.

Prisons need not be "comfortable" to pass constitutional scrutiny, but they cannot be "inhumane[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Here, Plaintiff Jones claims that because he was in a protective custody unit, he was inside his cell for twenty-three hours a day with the "pie flaps" closed [Doc. 1 p. 4, 5]. He states that one staff member gave Plaintiff Jones a bag of ice after learning he has high blood pressure, but other staff members would not "help [Plaintiff Jones] keep cool" [*Id*. at 4]. Plaintiff Jones maintains the extreme heat caused him a headache and nausea at times, [Doc. 1 p. 5] and he believes that the heat caused his blood-pressure medication to be ineffective [Doc. 4 p. 3]. He also claims that an old wound on his right leg became reinfected "due to the heat and moisture in his cell" [Doc. 7 p. 1].

But none of these conditions show that Plaintiff Jones was under imminent danger of serious physical injury at the time he filed this lawsuit on or about June 26, 2024 [*See* Doc. 1 p. 11]. Instead, Plaintiff Jones alleges that he experienced discomfort for a three-day period. And during this period, he concedes that he was given a bag of ice to cool off on at least one occasion, and he continued to receive his blood-pressure medication(s). And while Plaintiff Jones complains of a leg "reinfection" because of the heat, nothing in his allegations suggest that this condition "put Plaintiff in such imminent danger of serious physical injury so as to rise to something akin to a genuine emergency." *Pew v. Simmons*, 1:16cv60, 2016 WL 2977302, at *1 (W.D. Pa. May 20, 2016) (finding plaintiff's allegation that the cell temperature "exacerbate[s] his many diseases" may have caused discomfort but did not pose emergency sufficient to invoke the imminent danger exception of § 1915(g)). Therefore, under the circumstances presented, the Court declines to find

that Plaintiff Jones is entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

For the reasons set forth above, Plaintiff Jones' motion to proceed *in forma pauperis* [Doc. 5] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED.**

>   */s/ Charles E. Atchley, Jr.*
>   CHARLES E. ATCHLEY, JR.
>   UNITED STATES DISTRICT JUDGE